**Opinion issued June 18, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00315-CV

————————————

## ADRIAN GARCIA, IN HIS OFFICIAL CAPACITY AS HARRIS COUNTY SHERIFF, AND GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS, Appellants

## V.

## FELIX MICHAEL KUBOSH AND CARL R. PRUETT, Appellees

**On Appeal from the 127th District
Harris County, Texas
Trial Court Case No. 2009-82195**

## CONCURRING OPINION

The Court's opinion, which I authored, holds that this Court's prior precedent binds us to conclude that we have interlocutory jurisdiction under section 51.014(a)(8) of the CPRC to consider challenges to subject-matter

jurisdiction not raised in the plea to the jurisdiction decided by the trial court.[1]

While we are bound by our precedent, I disagree with it. I therefore write separately to analyze why this Court does not, and should not, have interlocutory jurisdiction under section 51.014(a)(8) over subject-matter-jurisdiction challenges that were not the subject of a "plea to the jurisdiction"[2] in the trial court and that the trial court did not "grant[] or den[y]."[3]

## A.  Interlocutory jurisdiction is limited

The general rule is that courts of appeals have jurisdiction over final judgments and orders only.[4] In section 51.014(a), the Legislature statutorily extended the courts of appeals' jurisdiction to certain, specified interlocutory orders.[5] "[I]t is clear that the Legislature intended only a few and distinct classes of

---

[1]     *See Harris Cnty. Mun. Util. Dist. No. 156 v. United Somerset Corp.*, 274 S.W.3d 133, 137–38 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

[2]     The term "plea to the jurisdiction," as used in section 51.014(a)(8), references the substance of a jurisdictional challenge and not the title of the document in which a party raises the challenge. *See Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); *see also Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011). Accordingly, the term "plea to the jurisdiction," as used herein, also references the substance of a jurisdictional challenge and not necessarily a document titled, "plea to the jurisdiction."

[3]     TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2011) (authorizing interlocutory jurisdiction over trial court's order that "grants or denied a plea to the jurisdiction" by governmental unit).

[4]     *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

[5]     TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a).

'persons' to be permitted to bring interlocutory appeals in only a few narrowly drawn situations[.]"[6]

Pursuant to the Legislature's intent, we strictly construe section 51.014(a) as a narrow exception to the general rule that a trial court's interlocutory orders are not appealable.[7] Appellate review of a trial court's interlocutory rulings—whether through statutorily-authorized interlocutory appeal or by mandamus—has the potential to interfere with the trial court's broad discretion to manage its docket, squander appellate resources on issues that may resolve themselves before final judgment, increase the time and expense consumed by litigation, and result in piecemeal litigation.[8] For these reasons, and others, we review interlocutory orders

---

[6] *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

[7] *See Koseoglu*, 233 S.W.3d at 841 ("We strictly construe Section 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'") (quoting *Bally Total Fitness*, 53 S.W.3d at 355, which identifies strict construction of narrow exception as Legislature's intent in enacting section 51.014(a)); *Tex. S. Univ. v. Gilford*, 277 S.W.3d 65, 71 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("We strictly construe statutes giving us jurisdiction over interlocutory appeals.").

[8] *See Hernandez v. Ebrom*, 289 S.W.3d 316, 322 (Tex. 2009) (Jefferson, J., dissenting) ("Interlocutory appeals are disruptive, time-consuming, and expensive."); *In re The Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) ("Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation."); 19 GEORGE C. PRATT, MOORE'S FEDERAL PRACTICE § 201.10[1] (3d ed. 2012) ("The purposes of the final judgment rule are to avoid piecemeal litigation, to promote judicial efficiency, and to defer to the decisions of the trial court.").

through interlocutory appeal only when the Legislature expressly "deems a right or remedy so important that its vindication need not wait until the case concludes."[9]

This Court has jurisdiction over this interlocutory appeal only to the extent such jurisdiction is expressly granted by section 51.014(a)(8) of the CPRC.[10] Section 51.014(a)(8) grants courts of appeals jurisdiction over a district court's interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit[.]"[11] Texas courts of appeals have disagreed over whether this language vests them with interlocutory jurisdiction over challenges to a trial court's subject-matter jurisdiction that were not raised in the plea to the jurisdiction granted or denied by the appealed-from order.

## B. The courts of appeals disagree over the scope of section 51.014(a)(8)'s jurisdictional grant

Relying on the Legislature's intent that section 51.014(a) create a narrow exception to the general bar against interlocutory appeal and on the statutory

---

[9] *Hernandez*, 289 S.W.3d at 323 (Jefferson, J., dissenting) (discussing interlocutory jurisdiction under section 51.014(a)(9)); *see also Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 666−67 (Tex. 2008) ("[T]he fact that provision has been made for an interlocutory appeal indicates that the Legislature has determined that appellate review before a final judgment is important.").

[10] *See Koseoglu*, 233 S.W.3d at 841; *Bally Total Fitness*, 53 S.W.3d at 355; *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments.").

[11] TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

4

language tying the jurisdictional grant to an order that grants or denies a jurisdictional plea, most courts of appeals considering the issue (including Austin,[12] Dallas,[13] El Paso,[14] San Antonio,[15] Texarkana,[16] and in most cases, the Houston Fourteenth District[17]) have held that section 51.014(a)(8) vests courts of

[12] *See Brantley v. Tex. Youth Comm'n*, No. 03-10-00019-CV, 2011 WL 4923956, at *14 (Tex. App.—Austin Oct. 12, 2011, no pet.); *City of Celina v. Dynavest Joint Venture*, 253 S.W.3d 399, 404 (Tex. App.—Austin 2008, no pet.); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied); *Plano Miller Club, Inc. v. Steen*, No. 03-08-00661-CV, 2011 WL 115879, at *2 (Tex. App.—Austin Jan. 14, 2011, no pet.) (mem. op.); *Scott v. Alphonso Crutch Life Support Ctr.*, No. 03-06-00003-CV, 2009 WL 1896073, at *6−7 (Tex. App.—Austin July 2, 2009, pet. filed) (mem. op.).

[13] *See Dallas Cnty. v. Logan*, 359 S.W.3d 367, 371 (Tex. App.—Dallas 2012, no pet.); *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 358 S.W.3d 725, 733 (Tex. App.—Dallas 2011, no pet.); *City of Dallas v. Heard*, 252 S.W.3d 98, 103 (Tex. App.—Dallas 2008, pet. denied); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 244 S.W.3d 455, 461−62 (Tex. App.—Dallas 2007), *aff'd,* 324 S.W.3d 544 (Tex. 2010); *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 687 (Tex. App.—Dallas 2003, pet. denied).

[14] *See De Leon v. City of El Paso*, 353 S.W.3d 285, 291 n.13 (Tex. App.—El Paso 2011, no pet.).

[15] *See Kinney Cnty. Groundwater Conservation Dist. v. Boulware*, 238 S.W.3d 452, 461 (Tex. App.—San Antonio 2007, no pet.); *Dimmit Cnty. Mem'l Hosp. v. CPM Med., LLC*, No. 04-11-00710-CV, 2012 WL 1431366, at *3 (Tex. App.—San Antonio April 25, 2012, no pet. h.) (mem. op.).

[16] *See Sanders v. Wood*, 348 S.W.3d 254, 256 & n.2 (Tex. App.—Texarkana 2011, no pet.).

[17] *See Galveston Indep. Sch. Dist. v. Jaco*, 278 S.W.3d 477, 479 n. 2 (Tex. App.—Houston [14th Dist.] 2009), *rev'd on other grounds,* 303 S.W.3d 699 (Tex. 2010) (per curiam); *Clear Lake City Water Auth. v. Friendswood Dev. Co.*, 256 S.W.3d 735, 747 n. 14 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd); *Prairie View A & M Univ. v. Dickens*, 243 S.W.3d 732, 736 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 61 (Tex. App.—

appeals with interlocutory jurisdiction only with respect to a plea to the jurisdiction actually granted or denied by the trial court in the appealed-from order, not pleas which have not yet been made by the defendant or ruled upon by the trial court.[18] This Court, however, has taken the opposing view, holding in *United Somerset* that a party to an interlocutory appeal under section 51.014(a)(8) may raise any challenge to a trial court's subject-matter jurisdiction in the appeal.[19] The Houston

---

Houston [14th Dist.] 2005, no pet.); *State v. Clear Channel Outdoor, Inc.*, No. 14–07–00369–CV, 2008 WL 2986392, at *3 (Tex. App.—Houston [14th Dist.] July 31, 2008, no pet.) (mem. op.).

[18]   *See* authorities cited in nn. 12−17, *supra*; *e.g.*, *First Trade Union Sav. Bank*, 133 S.W.3d at 687 ("[I]n an interlocutory appeal under section 51.014(a)(8), our jurisdiction is only to review the trial court's ruling on the plea to the jurisdiction filed below. Thus, we limit our discussion to the order denying the plea to the jurisdiction filed by the City, not to some plea never filed with the trial court.").

[19]   274 S.W.3d at 137–38 (holding that court has jurisdiction over subject-matter-jurisdiction challenges raised for first time in interlocutory appeal); *see Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 177 n.7 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (following *United Somerset*); *but see Anderson v. Am. Fed'n of Gov't Employees, AFL-CIO*, 338 S.W.3d 709, 713 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (stating that court "do[es] not have jurisdiction to consider grounds outside those raised in the plea to the jurisdiction"); *City of Houston v. Atser, L.P.*, No. 01-10-00240-CV, 2012 WL 1143477, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2012, no. pet. h.) (mem. op.) ("In order for a party to be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge."); *see also City of Seabrook v. Port of Houston Auth.*, 199 S.W.3d 403, 437 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (en banc) (dismissing appeal for lack of interlocutory jurisdiction, rather than affirming denial of plea to jurisdiction, upon determination that challenges in plea were not jurisdictional in nature); *Atser*, 2012 WL 1143477, at *8−10 (Massengale, J., concurring and dissenting) (concluding that court lacked jurisdiction over interlocutory appeal when arguments in city's summary judgment motion were not presented as jurisdictional challenges); *Spring Branch Mgmt. Dist. v. Valco Instruments Co., L.P.*, No. 01-11-00164-CV, 2012 WL 761215, at

Fourteenth has agreed in at least two of its cases.[20] Additionally, the San Antonio court has questioned its precedent on this issue in light of our position,[21] and the Austin[22] and Dallas[23] courts have both distinguished certain cases from their own precedent on this issue.

---

*10 (Tex. App.—Houston [1st Dist.] Mar. 8, 2012, no pet. h.) (mem. op.) (holding that court did not have interlocutory jurisdiction over merits-based summary judgment arguments).

[20] *See Tex. Dep't of Transp. v. Esters*, 343 S.W.3d 226, 233 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 95 & n.2 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[21] *See Real–Edwards Conservation & Reclamation Dist. v. Save the Frio Found., Inc.*, No. 04-09-00502-CV, 2010 WL 547045, at *5 n.2 (Tex. App.—San Antonio Feb. 17, 2010, no pet.) (mem. op.); *City of Cibolo v. Koehler*, No. 04-11-00209-CV, 2011 WL 5869683, at *9 (Tex. App.—San Antonio Nov. 23, 2011, no pet.) (mem. op.) (declining to decide issue).

[22] *See Tex. State Bd. of Pub. Accountancy v. Bass*, No. 03-09-00251-CV, 2010 WL 5575921, at *4 n.2 (Tex. App.—Austin Jan. 14, 2011, no pet.) (mem. op.) (distinguishing own precedent and recognizing exception in context of *ultra vires*). Additionally, the Austin court has, on at least two occasions, considered a newly-raised jurisdictional challenge on interlocutory appeal without addressing its precedent to the contrary. *See Travis Cent. Appraisal Dist. v. Norman*, 274 S.W.3d 902, 912 (Tex. App.—Austin 2008) (considering governmental immunity argument raised in motion for rehearing without addressing jurisdiction) *rev'd,* 342 S.W.3d 54 (Tex. 2011); *Tex. Water Dev. Bd. v. Neal*, No. 03-09-00459-CV, 2010 WL 1730029, at *2 (Tex. App.—Austin April 28, 2010, pet. denied) (mem. op.).

[23] *See Dallas Cnty. v. Cedar Springs Invs., L.L.C.*, No. 05-10-00443-CV, 2012 WL 640744, at *1 n.2 (Tex. App.—Dallas Feb. 29, 2012, no pet.) (op. on reh'g) (distinguishing own precedent and addressing standing issue not raised in plea to jurisdiction).

**C. Section 51.014(a)(8) plainly authorizes appeal from an "interlocutory order" that "grants or denies a plea to the jurisdiction"**

The starting place for determining our interlocutory jurisdiction is the language of the statute that creates it. Section 51.014(a)(8) provides: "A person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001[.]"[24] Thus, the statute plainly contemplates both that a party asserted a "plea to the jurisdiction" and that the trial court entered an "interlocutory order" that "grant[ed] or denie[d]" the plea.[25] But when a party raises a jurisdictional challenge on appeal that was not the subject of a plea to the jurisdiction in the trial court and that the trial court's order does not "grant[] or den[y]," these criteria are not satisfied.[26] "We must honor the legislature's choice

---

[24] TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). The statutory authorization of interlocutory appeal also extends to courts other than district courts, which are not at issue here. *See id.*

[25] *Id.*

[26] First, there was no "plea to the jurisdiction" asserting the challenge. The Texas Supreme Court has defined the term "plea to the jurisdiction" in section 51.014(a)(8) as referencing not "a particular procedural vehicle" but "the substance of the issue raised." *Simons*, 140 S.W.3d at 349. But when the appealing party has not raised its jurisdictional challenge in *any* procedural vehicle, no substantive argument was before the trial court. *See id.* (noting that appeal may be taken from refusal to dismiss regardless of whether the "jurisdictional argument is presented" to trial court by plea to jurisdiction or other vehicle such as summary judgment motion).

Second, the trial court has neither "grant[ed]" nor "denie[d]" the un-raised challenge, which it has not had the opportunity to consider. There is no trial court

8

of words," and recognize that we lack jurisdiction over an interlocutory appeal that falls outside of section 51.014(a)'s statutory authorization.[27]

Although the Texas Supreme Court has declined to decide this issue, it has consistently discussed section 51.014(a)(8) in terms of appealing from an order or ruling made by the trial court.[28] The Court has stated that "[t]he point" of section 51.014(a)(8) "is to allow an interlocutory appeal from rulings on certain issues[.]"[29] When no ruling has been made, there is nothing to which interlocutory

---

"interlocutory order" over which we may exercise jurisdiction. *Cf. Am. Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 707 (Tex. App.—Dallas 1994, no writ) ("Under the plain language of section 51.014, we have jurisdiction over the class certification *order*.").

[27] *CHEK Invs., L.L.C. v. L.R.*, 260 S.W.3d 704, 707 (Tex. App.—Dallas 2008, no pet.) (holding that court of appeals lacked jurisdiction over interlocutory appeal from denial of special appearance under section 51.014(a)(7) because statute excluded interlocutory appeal "in a suit brought under the Family Code" regardless of whether claims against defendants arose under Family Code); *see also Stary v. DeBord*, 967 S.W.2d 352, 353 (Tex. 1998) (holding that former statutory authorization of interlocutory appeal from order certifying or refusing to certify class action could not be read as authorizing interlocutory appeal from order striking derivative claim).

[28] *E.g.*, *Koseoglu*, 233 S.W.3d at 843 (describing section 51.014(a)(8) as "allowing for interlocutory appeals of orders granting or denying pleas to the jurisdiction"); *see Simons*, 140 S.W.3d at 349 ("Section 51.014(a)(8) allows an appeal from an interlocutory order that 'grants or denies a plea to the jurisdiction by a governmental unit.'").

[29] *Graham*, 347 S.W.3d at 301 (stating, in full, "The point of section 51.014(a)(5), like section 51.014(a)(8), is to allow an interlocutory appeal from rulings on certain issues, not merely rulings in certain forms.").

9

jurisdiction may attach.[30] Unlike section 22.220 of the Government Code, which

grants appellate courts jurisdiction over the entire "case" on appeal from a final

---

[30] The distinction between an interlocutory appeal under section 51.014(a)(8) and appeal from a final judgment on the merits (or other merits adjudication) is important here because one requires different jurisdictional inquiries than the other. This distinction may best be viewed in terms of vacator versus reversal or affirmance.

In an appeal from a judgment on the merits, if the appellate court determines that the trial court lacked jurisdiction over the case, the appellate court must vacate the judgment because the trial court had no jurisdiction to enter it. *E.g.*, *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011); *Houston Pipeline Co. v. Bank of Am., N.A.*, 213 S.W.3d 418, 429 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 291 (Tex. App.—Fort Worth 2004, no pet.) (holding that statutory authorization of interlocutory appeal from class certification order necessarily authorized appellate review of trial court's subject-matter jurisdiction to certify class). The trial court's judgment is void for lack of jurisdiction. *Houston Pipeline*, 213 S.W.3d at 429. But the appellate court's judgment vacating the trial court's judgment is not void because the appellate court has jurisdiction—and, in fact, an obligation—to determine its own jurisdiction (which, in turn, depends upon the trial court's jurisdiction). *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007); *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 741 (Tex. App.—Houston [1st Dist.] 2010, no pet.). If the trial court lacked jurisdiction to decide the merits of the case, the court of appeals lacks jurisdiction to review the merits of the case; but the court of appeals always has jurisdiction to ascertain whether it has jurisdiction over the appeal. *See Ferrell*, 248 S.W.3d at 158 ("Courts always have jurisdiction to determine their own jurisdiction.").

In an appeal from an interlocutory order on a plea to the jurisdiction, however, appellate courts do not vacate the underlying order or judgment—we reverse or affirm. This is because, like appellate courts, trial courts "always have jurisdiction to determine their own jurisdiction." *Id.* Thus, a trial court order that incorrectly denies a plea to the jurisdiction is generally reversible but not void for lack of jurisdiction, even though the trial court lacks jurisdiction over the merits of the action. *E.g.*, *City of Wylie v. Taylor*, 362 S.W.3d 855, 865 (Tex. App.—Dallas 2012, no pet.); *Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., Inc.*, 321 S.W.3d 168, 178 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Similarly, we affirm a dismissal for want of jurisdiction because the trial court had jurisdiction to determine whether it had jurisdiction over the action—even though the trial

judgment satisfying the amount-in-controversy requirement, section 51.014(a) attaches interlocutory jurisdiction to a specific "interlocutory order."[31] Nothing in section 51.014 expands interlocutory appellate jurisdiction beyond the jurisdictional challenge(s) actually made the subject of a plea and adjudicated in the trial court's appealable "interlocutory order."[32] And the statute's limitation of interlocutory jurisdiction to certain pleas to the jurisdiction—those brought by a governmental unit—indicates that the Legislature did not intend section

---

court lacked jurisdiction over the action, the trial court's judgment on that issue is not void for lack of jurisdiction. *E.g.*, *Thielemann v. Kethan*, No. 01-10-01111-CV, 2012 WL 159949, at *1 (Tex. App.—Houston [1st Dist.] Jan. 19, 2012, no pet.); *Ybarra v. Cnty. of Hidalgo*, 362 S.W.3d 129, 134 (Tex. App.—San Antonio 2011, no pet.).

Thus, while we must consider all challenges to a trial court's subject-matter jurisdiction in order to determine whether we have jurisdiction to review a trial court's judgment on the merits, the same is not true in an interlocutory appeal under section 51.014(a)(8)—the trial court has jurisdiction to determine a plea to the jurisdiction regardless of whether the trial court has jurisdiction over the merits of the case.

[31]     *Compare* TEX. GOV'T CODE ANN. § 22.220 (West 2004) *with* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a).

The interlocutory order appealed from need not expressly deny a plea to the jurisdiction if it implicitly denies the plea by adjudicating the merits of a claim. *See Thomas v. Long*, 207 S.W.3d 334, 339−40 (Tex. 2006) (holding that trial court's order ruling on merits of declaratory judgment claim constituted implicit denial of plea to jurisdiction and was appealable under section 51.014(a)(8)). Nevertheless, a trial court cannot deny a jurisdictional plea, expressly or implicitly, that was not made.

[32]     TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing "appeal from an interlocutory order").

11

51.014(a)(8) as a blanket authorization for interlocutory appellate review of a trial courts' subject-matter jurisdiction.[33]

**D.** ***United Somerset* relies on precedent that addresses error preservation rather than the scope of section 51.014(a)(8)**

In *United Somerset*, this Court concluded that we had interlocutory jurisdiction over the newly-raised subject-matter-jurisdiction challenge based on our prior decision in *City of Houston v. Northwood Municipal Utility District No. 1*, 73 S.W.3d 304, 313 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) and the Texas Supreme Court's holding in *Waco Independent School District v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000), which we treated as binding precedent.[34] To the extent the Fourteenth Court of Appeals has joined us in this minority position, it too relied on *Gibson*.[35] But neither *Gibson* nor *Northwood* is binding on the interlocutory-jurisdiction inquiry because that question was not raised in those cases. Those cases address whether a defendant waived its challenge to the trial court's subject-matter jurisdiction by failing to raise it in that court, not whether the court of appeals had interlocutory jurisdiction over the defendant's

---

[33] *Id.*

[34] *See United Somerset*, 274 S.W.3d at 137–38.

[35] *Esters*, 343 S.W.3d at 233; *Olivares*, 316 S.W.3d at 95 & n.2.

12

jurisdictional challenge—i.e., they dealt with preservation of error rather than interlocutory jurisdiction.[36]

Preservation of error and interlocutory jurisdiction are two separate components of a court of appeals's authority to decide an issue—preservation of error relates to an appellate court's authority to consider a particular argument; interlocutory jurisdiction under section 51.014 relates to an appellate court's authority to consider a particular interlocutory order or ruling.[37] A challenge to a trial court's subject-matter jurisdiction is fundamental and may be raised for the

---

[36]     *See Northwood*, 73 S.W.3d at 313 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) for general proposition that challenges to a trial court's subject-matter jurisdiction cannot be waived and can be raised for the first time on appeal); *Gibson*, 22 S.W.3d at 851 (holding that Waco Court of Appeals erred in holding that school district failed to preserve standing and ripeness challenge to trial court's jurisdiction for appellate review because subject-matter-jurisdiction challenges cannot be waived).

[37]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (providing that "[a] person may appeal from an interlocutory order of a district court" that grants or denies certain types of relief); *see also, e.g.*, *Davies*, 158 S.W.3d at 61; *Lowery*, 212 S.W.3d at 834.

The *Davies* court reasoned: "We acknowledge that jurisdiction cannot be waived and can be raised for the first time on appeal. However, Section 51.014(a)(8) gives us jurisdiction over this interlocutory appeal for the limited purpose of reviewing the trial court's interlocutory order on a plea to the jurisdiction. Because our jurisdiction in this interlocutory appeal is limited to review of the trial court's order, we must confine our review to the claims addressed in the plea to the jurisdiction." *Davies*, 158 S.W.3d at 61.

Similarly, the *Lowery* court held: "Although subject-matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment, section 51.014(a)(8) of the civil practice and remedies code does not grant this Court jurisdiction to review claims that were neither included in the plea to the jurisdiction nor considered by the district court." *Lowery*, 212 S.W.3d at 834.

13

first time on appeal from a final judgment—i.e., challenges to subject-matter jurisdiction are exempt from the preservation-of-error requirement.[38] This exemption, however, does not exempt challenges to subject-matter jurisdiction from the requirement that a court of appeals have jurisdiction over an interlocutory challenge to subject-matter jurisdiction.[39] "[S]ubject matter jurisdiction can be raised at any time. But it can be raised only before a court with competent jurisdiction."[40] Thus, even though a subject-matter-jurisdiction challenge remains viable, we may not decide such a challenge unless it is properly before us.[41]

---

[38] *E.g., Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *see also Davies*, 158 S.W.3d at 61; *Lowery*, 212 S.W.3d at 834.

[39] *See Davies*, 158 S.W.3d at 61; *Lowery*, 212 S.W.3d at 834; *see also Siddiqui v. Unlimited Asset Recovery, Inc.*, No. 01-09-00026-CV, 2009 WL 3930748, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op.) ("While true that a lack of jurisdiction is fundamental error that does not need to be preserved and may be raised for the first time on appeal, this does not mean that a person may *appeal* the trial court's lack of subject matter jurisdiction 'at any time.'") (citations omitted).

[40] *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (dismissing interlocutory appeal for lack of appellate jurisdiction without deciding challenge to trial court's jurisdiction that was not properly before appellate court).

[41] For example, when a party appeals from an interlocutory ruling on a plea to the jurisdiction filed by an entity that is not a "governmental unit," as defined in section 51.014(a)(8), courts of appeals generally dismiss the appeal for lack of appellate jurisdiction without deciding challenges to the trial court's subject-matter jurisdiction. *See Cantu Servs., Inc. v. United Freedom Assocs., Inc.*, 329 S.W.3d 58, 64 (Tex. App.—El Paso 2010, no pet.) (holding that party filing plea to jurisdiction was not governmental unit and dismissing appeal from interlocutory ruling on plea to jurisdiction); *LTTS Charter Sch., Inc. v. Palasota*, 293 S.W.3d 830, 839 (Tex. App.—Dallas 2009) (per curiam) (dismissing appeal for want of

jurisdiction), *rev'd,* 344 S.W.3d 378 (Tex. 2011) (reversing and remanding in light of Texas Supreme Court's holding that open-enrollment charter school qualified as "governmental unit" under statute); *Klein v. Hernandez*, 260 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2008) (dismissing appeal for want of jurisdiction upon determination that Baylor University was not "governmental unit" under 51.014(a)(8) and employee was not employee of State under 51.014(a)(5)), *rev'd,* 315 S.W.3d 1 (Tex. 2010) (affirming dismissal of Baylor's appeal on alternative grounds and reversing and remanding dismissal of employee's appeal upon determination that employee was State employee); *see also White v. White*, No. 01-10-01124-CV, 2011 WL 5027042, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2011, no pet.) (mem. op., per curiam) (dismissing interlocutory appeal from temporary order for lack of appellate jurisdiction without reaching challenge to trial court's subject-matter jurisdiction); *City of Houston v. Grudziecke*, No. 14-02-00947-CV, 2003 WL 1922671, at *2 (Tex. App.—Houston [14th Dist.] Apr. 24, 2003, no pet.) (mem. op.) (dismissing portion of interlocutory appeal in which business entities that were not governmental units challenged trial court's denial of their plea to jurisdiction).

Consistently, when an appeal is moot or the appellant lacks standing to prosecute an appeal, we lack jurisdiction over the appeal and must dismiss it without first deciding challenges to the trial court's subject-matter jurisdiction raised in the appeal. *See Klein v. Hernandez*, 315 S.W.3d 1, 4 (Tex. 2010) (affirming dismissal of one party's interlocutory appeal from plea to the jurisdiction challenging trial court's subject-matter jurisdiction when appellate court lacked jurisdiction due to mootness); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam) (holding that non-suit of underlying action deprived court of appeals of jurisdiction over governmental unit's interlocutory appeal from plea to the jurisdiction); *Jack Jones Hearing Ctrs., Inc. v. State Comm. of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 912 (Tex. App.—Austin 2012, no pet.) (dismissing appeal from order on plea to the jurisdiction when appellant lacked standing to appeal order).

And when a party attempts to challenge a judgment or order but fails to timely file a notice of appeal, we generally dismiss the appeal for lack of appellate jurisdiction regardless of whether the appeal involves a challenge to the trial court's subject-matter jurisdiction. *See Siddiqui*, 2009 WL 3930748, at *2 ("Without a timely filed notice of appeal, an appellate court has no jurisdiction to consider any complaint, even a complaint that the trial court had no subject matter jurisdiction over the case."); *see also In re Guardianship of Fowler*, No. 12-11-00219-CV, 2012 WL 438378, at *4 (Tex. App.—Tyler Feb. 8, 2012, no pet.) (dismissing appeal from motion to set aside judgment for lack of subject-matter

15

And the fundamental error principal does not engender interlocutory jurisdiction over an order that the trial court has not yet issued and may never issue.[42] In fact, it cannot engender interlocutory jurisdiction at all: while error preservation is a common law doctrine created and modulated by the courts, interlocutory appeals "are forbidden at common law and exist only at the pleasure of the [L]egislature."[43]

## E. *Gibson* and *Northwood* do not control

The *Gibson* Court held that standing and ripeness issues were components of subject-matter jurisdiction,[44] that the record was replete with challenges to standing and ripeness,[45] and that, contrary to the court of appeals's holding, "subject-matter-jurisdiction challenges cannot be waived, and may be raised for the first time on

---

jurisdiction when motion to set aside was filed after trial court's plenary power expired and thus could not support appellate jurisdiction).

[42] *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing appeal from "an interlocutory order" that "grants or denies" certain pleas to the jurisdiction); *see also Davies*, 158 S.W.3d at 61 (noting that jurisdiction under the statute is limited to review of a trial court's order); *Lowery*, 212 S.W.3d at 834 (same).

[43] *Quebe v. Pope*, 201 S.W.3d 166, 170 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (noting that courts of appeals "have no authority to create" interlocutory jurisdiction when not statutorily provided); *see Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (observing that appellate courts may review interlocutory orders "only if a statute explicitly provides appellate jurisdiction").

[44] *Gibson*, 22 S.W.3d at 850.

[45] *Id.* at 851.

16

appeal."[46] It did not address the scope of the court of appeals's interlocutory jurisdiction under section 51.014(a)(8), nor did the parties raise that issue.[47] Similarly, this Court in *Northwood* merely observed—in a context in which the appellee did not challenge the court of appeals's interlocutory jurisdiction or assert a preservation of error argument[48]—that immunity from suit "is a jurisdictional issue that may be raised for the first time on appeal" while immunity from liability

---

[46]      *Id.* at 850.

[47]      The parties in *Gibson* addressed the court of appeals's preservation holding on the ground that challenges to the trial court's subject-matter jurisdiction are not waivable and not on the ground that the court of appeals had interlocutory jurisdiction; in fact, neither party's brief made reference to section 51.014. *See* Brief for Petitioner, *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849 (Tex. 2000) (No. 98-0753), 1999 WL 33744007; Brief for Respondent, *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849 (Tex. 2000) (No. 98-0753), 1999 WL 33744008.

[48]      Neither party argued a limitation on this Court's jurisdiction in *Northwood*; in fact, neither party's brief made reference to section 51.014. *See* Brief for Appellant, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155978; Brief for Appellee, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155979; Reply Brief for Appellant, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155980. Nor did any party argue waiver. *See* Brief for Appellant, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155978; Brief for Appellee, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155979; Reply Brief for Appellant, *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (No. 01-01-00497-CV), 2001 WL 36155980.

"is an affirmative defense and must be pled or else it is waived."[49] These are well-established principles of error preservation, and there is no basis for inferring that the *Northwood* court intended them to also establish or preclude interlocutory jurisdiction; to the contrary, the authority cited by the *Northwood* court to support these principles addressed error preservation in the context of an appeal from a final judgment.[50]

The implication of *United Somerset* may be that, by exercising interlocutory jurisdiction over challenges to the trial courts' subject-matter jurisdiction in those cases, this Court (in *Northwood*) and the Texas Supreme Court (in *Gibson*) implicitly held that we had interlocutory jurisdiction over those challenges, and we are bound by those holdings.[51] But that is not the law in this state or this country; the law has long been that a court's exercise of jurisdiction, when jurisdiction is

---

[49] *Northwood*, 73 S.W.3d at 313.

[50] *See Northwood*, 73 S.W.3d at 313 (citing *Jones*, 8 S.W.3d at 638); *Jones*, 8 S.W.3d at 638 (distinguishing, in appeal from final judgment, between immunity from suit and immunity from liability and not addressing court of appeals's interlocutory jurisdiction); *see also First Trade Union Sav. Bank*, 133 S.W.3d at 687 (declining to follow *Northwood* and noting that *Jones* does not support the exercise of interlocutory jurisdiction in a section 51.014(a)(8) appeal).

[51] *See United Somerset*, 274 S.W.3d at 137–38.

neither questioned nor addressed, is not binding on the issue of whether jurisdiction is proper.[52]

Additionally, with respect to *Gibson*, the Texas Supreme Court's jurisdiction does not arise out of section 51.014(a); it is founded on different statutes—sections 22.001 and 22.225 of the Government Code[53]—and on the Court's inherent jurisdiction to determine whether a court of appeals correctly exercised its jurisdiction.[54] Thus, the Texas Supreme Court's interlocutory jurisdiction to review a court of appeals's interlocutory action on trial court's plea-to-the-jurisdiction order is not limited by section 51.014(a)(8) and the trial court's order; rather, it arises out of the court of appeals's opinion and judgment.[55] The court of appeals did not decline to exercise jurisdiction over the school's standing challenge in

---

[52]  *See, e.g.*, *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38, 73 S. Ct. 67, 69 (1952) (holding that Court's prior exercise of jurisdiction was not binding precedent because issue of jurisdiction was not raised or addressed and stating, "Even as to our own judicial power or jurisdiction, . . . this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and was passed sub silentio."); *Gantt v. Gantt*, 208 S.W.3d 27, 30 n.4 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("Thus, in deciding its jurisdiction, a court is not bound by a prior exercise of jurisdiction where it was not questioned, but was passed *sub silentio.*"); *see also Hibbs v. Winn*, 542 U.S. 88, 127, 124 S. Ct. 2276, 2300 (2004) (The exercise of federal jurisdiction does not and cannot establish jurisdiction.").

[53]  *See* TEX. GOV'T CODE ANN. §§ 22.001 (West 2010) (ascribing jurisdiction to Texas Supreme Court), 22.225(b)(3), (c) (West 2010) (specifying when courts of appeals' judgments are conclusive and when they are subject to Texas Supreme Court review).

[54]  *See Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010).

[55]  *See Norman*, 342 S.W.3d at 55 n.1; *Gibson*, 22 S.W.3d at 850.

*Gibson*; it exercised its jurisdiction to hold (incorrectly) that the school had waived the issue.[56] This action by the court of appeals is the basis for the Texas Supreme Court's jurisdiction, not the trial court's underlying ruling on the school's plea to the jurisdiction.

**F.    The Texas Supreme Court has declined to resolve the split in the courts of appeals**

The Texas Supreme Court recently had an opportunity to resolve the split in the courts of appeals over this issue, but declined to reach it.[57] Since then, the Texas Supreme Court has, on at least two occasions, exercised interlocutory jurisdiction over a subject-matter jurisdiction challenge on which the trial court had not had an opportunity to rule.[58] In both cases, the Court did not address, and the parties did not challenge, the Texas Supreme Court's jurisdiction to consider the new challenge to the trial court's subject-matter jurisdiction on interlocutory appeal—which, as discussed above, is not based on section 51.014(a)(8).[59]

---

[56]    *See Gibson*, 22 S.W.3d at 850.

[57]    *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 550−51 (Tex. 2010).

[58]    *Norman*, 342 S.W.3d at 54−59; *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 234−240 (Tex. 2011).

[59]    *See Norman*, 342 S.W.3d at 55−59; Brief for Petitioner, *Travis Cent. Appraisal Dist. v. Norman*342 S.W.3d 54 (Tex. 2011), 2009 WL 1903903; Brief for Respondent, *Travis Cent. Appraisal Dist. v. Norman*342 S.W.3d 54 (Tex. 2011), 2009 WL 2235895; Reply Brief for Petitioner, *Travis Cent. Appraisal Dist. v. Norman*342 S.W.3d 54 (Tex. 2011), 2009 WL 2388946; *VSC*, 347 S.W.3d at 234−240; Brief for Petitioner, *City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex.

## G. Practical considerations weigh in favor of limited interlocutory review

Some argue that judicial efficiency is served by allowing a court of appeals to consider a newly raised subject-matter-jurisdiction challenge that, if not considered, would only result in an additional plea to the jurisdiction and another interlocutory appeal. While considering a new jurisdictional challenge in a pending interlocutory appeal may be more judicially efficient in some circumstances, the implication that it would be more efficient in most or all circumstances depends on an assumption that the plea to the jurisdiction procedure in the trial court is typically unnecessary and unduly cumbersome.

Five practical considerations belie that assumption. First, first-time consideration of jurisdictional challenges in an interlocutory appeal may eliminate or undermine the other party's opportunity to re-plead and the court of appeals's

---

2011), 2008 WL 5326454; Brief for Respondent, *City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex. 2011), 2009 WL 665159 (challenging Court's jurisdiction over appeal generally under section 22.001(a) of Government Code, but not raising any challenge specific to interlocutory jurisdiction or section 22.225 of Government Code); Reply Brief for Petitioner, *City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex. 2011), 2009 WL 832802.

In its brief, the petitioner in *VSC* did challenge the court of appeals's refusal to consider jurisdictional challenges on interlocutory appeal that were not raised in the trial court. Brief for Petitioner, *City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex. 2011), 2008 WL 5326454, at *37−38. The Court did not reach that issue, instead disposing of the case on jurisdictional grounds not raised in either the trial court or the court of appeals. *See VSC*, 347 S.W.3d at 234−240; *see also id.* at 242−43 (noting that ground on which majority opinion disposed of case was not raised by parties in trial court or appellate briefing, though it was discussed at oral argument).

ability to rely on the trial court's discretion in determining the appropriateness of re-pleading. Second, it may interfere with the other party's opportunity to fully develop the evidentiary record in response to new jurisdictional contentions and the court of appeals's reliance on the trial court's role as factfinder. Third, it may also interfere with other party's right to full discovery on issues relevant to new jurisdictional contentions and the court of appeals's ability to rely on the trial court's first-hand evaluation of the sufficiency of existing discovery. Fourth, it encourages parties to make strategic decisions about whether to intentionally bypass consideration of jurisdictional challenges at the trial stage and instead seek an initial adjudication from the appellate court. Finally, it creates the potential for parallel proceedings and contradictory results.

These issues are largely unique to interlocutory appeal. While a party generally will not have the opportunity to engage in additional discovery, amend pleadings, or introduce new evidence in response to a subject-matter-jurisdiction challenge raised for the first time on appeal from a final judgment, a final judgment connotes an opportunity to fully developed the record on all issues necessary to resolution of the entire case;[60] an interlocutory order does not.

---

[60] *See, e.g., Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (observing that final judgment is proper only if it disposes of all parties and claims and that summary judgment orders will not be treated as disposing of claims or issues not properly before court unless expressly provided); *see also Mitchell v. Forsyth*, 472 U.S. 511, 549−50, 105 S. Ct. 2806, 2828 (1985) (Brennan, J., joined by Marshall,

### 1. A trial court is best suited to evaluate and effectuate a party's general right to an opportunity to amend

The plea to the jurisdiction procedure in the trial court may play an important role in determining jurisdictional disputes when a party contests jurisdictional pleadings. In response to a challenge to jurisdictional pleadings, a party is generally entitled to an opportunity to re-plead in order to cure any asserted defect unless the pleadings affirmatively negate the court's jurisdiction.[61] A trial court is best suited to determine whether amendment is appropriate[62] and has the ability to put that decision into effect directly.[63] Raising the jurisdictional

---

J., concurring in part and dissenting in part) (observing Supreme Court's "recognition that resolution of even the most abstract legal disputes is advanced by the presence of a concrete set of facts. If appeal is put off until final judgment, the fuller development of the facts at that stage will assist the appellate court in its disposition of the case."); *8100 N. Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 865 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (declining to review issues not considered by the trial court in interlocutory appeal from temporary injunction and stating, "We will not issue an advance ruling on the merits by addressing these issues before the trial court has done so.").

[61] *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

[62] *See, e.g.*, *Roskey v. Cont'l Cas. Co.*, 190 S.W.3d 875, 881 (Tex. App.—Dallas 2006, pet. denied) (observing that trial court exercises its discretion in determining whether party is entitled to further opportunity to amend pleadings in response to jurisdictional challenge and that decision implicates trial court's discretion to manage orderly proceeding of cases on its docket).

[63] *See* TEX. R. CIV. P. 63 (authorizing parties in trial court to amend pleadings), 68 (authorizing trial court to order repleading); *see also McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but, likewise, do not demonstrate incurable defects in

issue for the first time in the court of appeals, such that remand may be necessary to determine whether amendment is appropriate, is not inherently more expedient than filing a plea to the jurisdiction in the trial court in the first instance.[64] Additionally, although a court of appeals construes a claimant's pleadings liberally in determining challenges to jurisdictional pleadings, liberal construction is not always an adequate substitute for the opportunity to amend. A claimant may wish to pursue alternative claims in the face of a jurisdictional challenge or to revise existing claims in ways that an appellate court does not foresee from the record before it. As is often the case, the parties and the trial court—with an understanding of the facts and issues that is not restricted to a partial, interlocutory record—are in the best position to determine whether a pleadings defect is curable.

In his *Gibson* dissent, Justice Hecht, joined by Chief Justice Phillips and Justice Owen, noted these potential dangers: "[W]hen an appeal is interlocutory, as this one is, an appellate court must be especially careful in determining subject-matter jurisdiction in the first instance because the plaintiff has not had an opportunity either to amend his pleadings, as he would have had if the issue had

---

jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend.").

[64]  *Cf. City of Houston v. Johnson*, 353 S.W.3d 499, 505-06 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (when plaintiff added new claims to petition after first plea to jurisdiction was filed, governmental unit did not seek adjudication of new claims in pending interlocutory appeal, but filed additional plea to jurisdiction addressing new claim, seeking adjudication in trial court).

been raised in the trial court by special exceptions or otherwise, or to demonstrate jurisdiction on a complete record, as he would have had in a trial on the merits."[65]

## 2. The trial court is best suited to determine whether fact issues exist

When a party contests jurisdictional facts (rather than jurisdictional pleadings), the determination of whether fact questions exist may be key to adjudicating the jurisdictional issue. Appellate courts generally may not act as factfinders, and because the appellate record may not be fully developed on issues never raised in the trial court, appellate courts are ill-suited to determine if an issue of fact exists in the first instance. In *Dimmitt*, the hospital-defendant contended on appeal that, contrary to its pleadings in the trial court, it was not a local governmental entity and thus, the Legislature had waived the hospital's immunity.[66] The court declined to consider the hospital's argument that the statutory waiver of immunity for contract claims did not apply to it, noting that considering that issue in the interlocutory appeal "would deprive [the plaintiff] of the opportunity to respond with evidence controverting the claim that the Hospital

---

[65]   *Gibson*, 22 S.W.3d at 854 (Hecht, J., joined by Phillips, C.J. and Owen, J., dissenting).

[66]   2012 WL 1431366, at *3.

is not a local governmental entity."[67] Thus, the court concluded that the issue was "better addressed by the trial court."[68]

### 3. The trial court is best suited to evaluate the timeliness of adjudication

Similarly, when challenges to subject-matter jurisdiction are constructed on jurisdictional facts, the trial court is in a position to determine whether the parties have had adequate opportunity to discover evidence relevant to those facts and to provide additional time for discovery if needed. The Texas Supreme Court has observed: "When the consideration of a trial court's subject-matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable."[69] In fact, because the trial court has full, first-hand knowledge of the development of the case, we apply an abuse of discretion standard of review to a trial court's decision on whether to grant a continuance on a plea-to-the-jurisdiction hearing to allow additional discovery.[70]

---

[67] *Id.*

[68] *Id.*

[69] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

[70] *Combs v. City of Webster*, 311 S.W.3d 85, 91 n.1 (Tex. App.—Austin 2009, pet. denied).

26

The Austin Court of Appeals recently identified a trial court's "discretion to postpone its consideration of a jurisdiction challenge[] so that the plaintiff has sufficient opportunity to produce evidence that can raise a fact issue" as one of the reasons for its reluctance to consider, in an interlocutory appeal, jurisdictional challenges not yet presented to the trial court in a plea to the jurisdiction.[71]

4. **Courts should not invite parties to leapfrog the trial court on jurisdictional matters for strategic reasons**

An interpretation of section 51.014(a)(8) that allows parties to raise subject-matter-jurisdiction challenges in the court of appeals that were not the subject of a plea to the jurisdiction in the trial court allows a party to choose whether to adhere to the plea-to-the-jurisdiction procedure dictated by the Rules of Civil Procedure[72] or to bypass the plea-to-the-jurisdiction procedure altogether. This may incentivize parties to intentionally "lay behind the log" on jurisdictional issues if they think the likelihood of prevailing is better with an initial determination by the court of appeals on the existing record. Typically, in an appeal from a final judgment, there are significant consequences to sitting on a subject-matter-jurisdiction challenge— namely, the party challenging jurisdiction has already expended the time and money necessary to obtain a final judgment on some other ground. In an interlocutory appeal under section 51.014(a)(8), however, a party could choose to

---

[71] *Miranda*, 133 S.W.3d at 227.

[72] *See* TEX. R. CIV. P. 85.

assert one jurisdictional challenge (perhaps even a weaker challenge) while reserving other challenges to raise in the court of appeals, when the re-pleading and expansion of the evidentiary record are, at best, more cumbersome.

**5. Jurisdictional challenges in a single case should not be subject to parallel proceedings in two courts at the same time**

The broader interpretation of section 51.018(a)(8) adopted by this Court in *United Somerset* also creates the opportunity for a party to pursue a jurisdictional challenge in both the trial and appellate courts simultaneously, absent a stay. This is not judicially efficient and creates the possibility of conflicting rulings. And because the appellate record is static while the trial court's record is not, conflicting rulings could both be legally correct, creating issue preclusion and law-of-the-case issues.

**H. Implications for other interlocutory jurisdiction statutes**

As discussed above, cases holding that Texas courts of appeals have interlocutory jurisdiction over un-adjudicated challenges to a trial court's subject-matter jurisdiction have generally relied on the principle that challenges to subject-matter jurisdiction are exempt from the requirement of error preservation, without regard for whether the particular challenge satisfies the conscripts of section 51.014(a)(8).[73] If the exemption from error preservation is also an exemption from an express statutory grant of interlocutory jurisdiction, questions arise with respect

---

[73] *See supra* section D.

to interlocutory appeal statutes other than section 51.014(a)(8). For example, in *Rusk State Hospital v. Black*, a hospital-defendant attempted to challenge the trial court's subject-matter jurisdiction in an interlocutory appeal authorized under section 51.014(a)(9), which authorizes interlocutory appeal from certain rulings pertaining to expert reports in health care liability claims.[74] The hospital argued that subject-matter-jurisdiction challenges are non-waivable and therefore the hospital could raise a challenge to the trial court's jurisdiction for the first time in its interlocutory appeal from the trial court's order on its challenge to the plaintiff's expert reports, even though no plea to the jurisdiction had ever been filed.[75]

The Tyler Court of Appeals rejected the hospital's argument, relying in part on authority from courts of appeals limiting jurisdiction under section 51.014(a)(8) to jurisdictional challenges raised in a plea to the jurisdiction and ruled on in a trial court order.[76] But it is not clear that the case would have had the same outcome in this Court in light of our contrary precedent under section 51.014(a)(8).[77] If interlocutory jurisdiction over challenges to a trial court's subject-matter

---

[74]    No. 12-09-00206-CV, 2010 WL 2543470, at *3−5 (Tex. App.—Tyler June 23, 2010, pet. granted) (mem. op.).

[75]    *Id.*

[76]    *Id.* at *2−3 (citing *Lowery*, 212 S.W.3d at 834; *Scott*, 2009 WL 1896073, at *6−7; *Clear Lake City Water Auth.*, 256 S.W.3d at 747; *Dynavest Joint Venture*, 253 S.W.3d at 404; *Arancibia*, 244 S.W.3d at 461−62; *Boulware*, 238 S.W.3d at 461; *Davies*, 158 S.W.3d at 61; *First Trade Union Sav. Bank*, 133 S.W.3d at 686−87).

[77]    *See United Somerset*, 274 S.W.3d at 137–38.

jurisdiction is not dependent on an order in which the trial court ruled on the challenge, is it dependent on any order on any jurisdictional challenge? Or may governmental units leapfrog the plea to the jurisdiction procedure entirely when they have any other basis for interlocutory appeal? And if interlocutory jurisdiction over challenges to a trial court's subject-matter jurisdiction is not dependent on the statutory grant in section 51.014(a)(8), can nongovernmental entities also raise challenges to a trial court's subject-matter jurisdiction in interlocutory appeals under section 51.014(a)'s other subsections?

## I. Conclusion

I agree with those courts that have interpreted section 51.014(a) as creating interlocutory jurisdiction only over an "interlocutory order" that "grants or denies" a governmental unit's plea to the jurisdiction in the trial court. This interpretation is mandated by the plain language of the statute and favored by the Legislature's intent that statutory grants of jurisdiction be construed narrowly. Additionally, this conclusion is buttressed by a number of practical considerations that arise from bypassing the trial court's role at an interlocutory stage of proceedings. Thus, while I concur with the Court's holding in this case that prior precedent from this Court mandates a different construction of section 51.014(a)(8), I disagree with that precedent and urge reconsideration of our position.

30

I therefore concur in the Court's opinion.


                                        Harvey Brown
                                        Justice

Panel consists of Justices Higley, Sharp, and Brown.

Justice Brown, concurring.