

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

|  | § |  |
|---|---|---|
| MIDLAND FUNDING, LLC, | § | No. 08-15-00331-CV |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | County Court at Law No. 5 |
|  | § |  |
| MIGUEL MARQUEZ, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC # 2014-CCV-01226) |
|  | § |  |

## MEMORANDUM OPINION

Miguel Marquez, Appellee, has filed a motion to dismiss the appeal for want of jurisdiction because the order granting summary judgment is not a final judgment or an appealable interlocutory order. We grant the motion and dismiss the appeal for lack of jurisdiction.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West 2015)(authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195. Midland Funding LLC filed a notice of appeal from the trial court's order granting summary judgment in favor of Appellee Marquez,

but the record reflects that the summary judgment does not dispose of all pending claims. Thus, the summary judgment is not final and it is not an appealable interlocutory order.

Midland Funding responds that we should maintain jurisdiction of the appeal even though the summary judgment is not final because the trial court acted without subject matter jurisdiction and the summary judgment is void. As noted by Midland Funding, a challenge to a trial court's subject-matter jurisdiction may be raised for the first time on appeal. *See Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 445 (Tex. 1993); *Garcia v. Kubosh*, 377 S.W.3d 89, 106 (Tex.App.--Houston [1st Dist.] 2012, no pet.). This rule does not exempt challenges to subject-matter jurisdiction from the requirement that a court of appeals have jurisdiction over the judgment or interlocutory order being appealed. *See Garcia*, 377 S.W.3d at 106-07. While subject matter jurisdiction can be raised at any time, it can be raised only before a court with competent jurisdiction. *Id.* Because we lack jurisdiction of the appeal, we are unable to address whether the trial court had subject matter jurisdiction. *See Royal Independent School District v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex.App.--Houston [14th Dist.] 2008, no pet.)(having found it lacked jurisdiction of the interlocutory appeal, court of appeals dismissed appeal without addressing challenge to trial court's jurisdiction). We grant Marquez's motion and dismiss the appeal for lack of jurisdiction.

April 22, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.