ACCEPTED
01-15-00148-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/6/2015 3:55:12 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00148-CV

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/6/2015 3:55:12 PM

CHRISTOPHER A. PRINE
Clerk

CITY OF NASSAU BAY, TEXAS,
*Appellant*,

*v.*

H. RAY BARRETT and 1438 KINGSTREE LANE
*Appellees*.

_____

On Appeal from the 152nd Judicial District Court
of Harris County, Texas
Trial Court No. 2013-10661

_____

**APPELLANT CITY OF NASSAU BAY TEXAS' BRIEF**

_____

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
William S. Helfand
State Bar No. 09388250
Attorney-in-Charge
Charles T. Jeremiah
State Bar No. 00784338
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 654-9630
Telecopier: (713) 658-2553
ATTORNEYS FOR APPELLANT
CITY OF NASSAU BAY, TEXAS

**ORAL ARGUMENT REQUESTED**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  These representations are made so the judges of this court may evaluate possible disqualification or recusal.

**A.      Parties:**

Appellant:                            City of Nassau Bay, Texas

Appellees:                           H. Ray Barrett and 1438 Kingstree Lane

**B.      Attorneys:**

Appellant:                            William S. Helfand
                                              Charles T. Jeremiah
                                              Chamberlain, Hrdlicka, White,
                                                 Williams & Aughtry
                                              1200 Smith Street, Suite 1400
                                              Houston, Texas 77002

Appellee:                            Iain Simpson
                                              Simpson, P.C.
                                              1333 Heights Boulevard, Suite 102
                                              Houston, Texas  77008

                                              Jeffrey N. Todd
                                              The Law Firm of Alton C. Todd
                                              312 S. Friendswood Drive
                                              Friendswood, Texas  77546
                                              (Trial Counsel)

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant City of Nassau Bay, Texas believes that oral argument would be beneficial and would assist this Court in deciding the case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................... ii

TABLE OF CONTENTS .................................................................................... iii

TABLE OF AUTHORITIES ................................................................................v

STATEMENT OF THE CASE............................................................................2

ISSUES PRESENTED........................................................................................2

STATEMENT OF FACTS ................................................................................3

SUMMARY OF THE ARGUMENT ..................................................................9

STANDARD OF REVIEW ..............................................................................10

ARGUMENTS AND AUTHORITIES .............................................................11

I.      The Trial Court lacks jurisdiction over Appellee's Counterclaim because Appellee did not timely appeal the decision of the Zoning Board of Adjustment in accordance with the Texas Local Government Code. ......................................................................................................11

II.     Appellant Failed to State and cannot state a viable claim of deprivation of procedural or substantive due process and thus, the City retains immunity from suit and the Court lacks jurisdiction. ........................15

        A.      Plaintiff was required to state a viable due process claim to overcome Appellant's governmental immunity. ................................15

        B.      Plaintiff has not identified a property interest, for which due process, procedural or substantive, attaches, as fundamentally necessary to present a viable claim. ...................................................16

        C.      Even if he had a property interest, Plaintiff has not stated a viable procedural due process claim here, and the evidence, including plaintiff's own admissions, refutes any such claim. ...........17

        D.      Appellee failed to state a viable substantive due process claim, and the evidence refutes any such claim. ............................................19

III.  Appellee failed to show a viable claim against the City because he neither alleged nor showed competent proof that a municipal policy was the moving force behind a constitutional deprivation...........................21

    A.    Governmental liability under 42 U.S.C. § 1983 cannot be based on respondeat superior. ................................................................22

    B.    The Evidence disproves the required element that a policymaker promulgated an official policy which was the moving force behind a deprivation of Appellee's constitutional rights. .......................................................................................22

    C.    There is no unconstitutional policy of the City of Nassau Bay. .........24

CONCLUSION ...................................................................................26

PRAYER ............................................................................................26

CERTIFICATE OF SERVICE .............................................................. ix

CERTIFICATE OF COMPLIANCE .........................................................x

APPENDIX ................................................................................Tab A

iv

# TABLE OF AUTHORITIES

**Page(s)**

**C**ASES

*Alfonso v. Skadden*,
   251 S.W.3d 52 (Tex. 2008)................................................................................11

*Bass v. Parkwood Hosp*,
   180 F.3d 234 (5th Cir. 1999) ...........................................................................23

*Board of Co. Com'rs of Bryan Co. v. Brown*,
   520 U.S. 397, 117 S.Ct. 1382 (1997)..........................................................23, 24

*City of Dallas v. Woodfield*,
   305 S.W.3d 412 (Tex. App. – Dallas 2010, no pet.) .........................................10

*City of Paris v. Abbott*,
   360 S.W.3d 567 (Tex.App. – Texarkana 2011, pet. denied).............................17

*DePree v. Sanders*,
   588 F.3d 282 (5th Cir. 2009) ...........................................................................16

*FM Properties Operating Co. v. City of Austin*,
   93 F.3d 167 (5th Cir. 1996) .............................................................................20

*Garcia v. Kubosh*,
   377 S.W.3d 89 (Tex.App. – Houston [1st Dist.] 2012, no pet.).............16, 19, 20

*Guinn v. Bosque County*,
   58 S.W.3d 194 (Tex.App. – Waco 2001, pet. denied).......................................12

*Harris County v. Sykes*,
   136 S.W.3d 635 (Tex. 2004) ............................................................................11

*Hearts Bluff Game Ranch, Inc. v. State*,
   381 S.W.3d 468 (Tex. 2012) ............................................................................16

*Hidden Oaks, Ltd. v. City of Austin*,
   138 F.3d 1036 (5th Cir. 1998) .........................................................................16

*Hoff v. Nueces County*,
   153 S.W.3d 45 (Tex. 2004)...............................................................................10

*Kaufman County v. Combs*,
393 S.W.3d 336 (Tex.App. – Dallas 2012, pet. denied).......................................16

*Lazarides v. Farris*,
367 S.W.3d 788 (Tex.App. – Houston [14th Dist.] 2012, no pet.) ..............13, 14

*Lee v. Whispering Oaks Home Owners' Ass'n*,
797 F.Supp.2d 740 (W.D. Tex. 2011) ................................................................20

*Monell v. Dept. of Social Services*,
436 U.S. 658, 98 S.Ct. 2018 (1978)..............................................................22, 23

*Pembaur v. City of Cincinnati*,
475 U.S. 469, 106 S.Ct. 1292 (1986)..................................................................22

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) ..............................................................23, 24, 25

*Robinson v. Friendswood*,
890 F.Supp. 616 (S.D. Tex. 1995)........................................................................14

*Snyder v. Trepagnier*,
142 F.3d 791 (5th Cir. 1998) ..............................................................................22

*Spiller v. City of Texas City*,
130 F.3d 162 (5th Cir. 1997) ........................................................................23, 24

*Tex. Dep't. of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) .........................................................................10, 11

*Texas Assoc. of Business v. Texas Air Control Board*,
852 S.W.2d 440 (Tex. 1993) .........................................................................10, 11

*Texas Dept. of Transportation v. A.P.I. Pipe and Supply*,
397 S.W.3d 162 (Tex. 2013) ...............................................................................16

*Texas DOT v. Jones*,
8 S.W.3d 636 (Tex. 1999) (*per curiam*) .............................................................11

*Tharling v. City of Port of Lavaca*,
329 F.3d 422 (5th Cir. 2003) ...............................................................................23

*Tooke v. City of Mexia*,
   197 S.W.3d 325 (Tex. 2006) .................................................................................15

*Winn v. City of Irving*,
   770 S.W.2d 10 (Tex.App. – Dallas 1989, no writ)..............................................14

**STATUTES**

42 U.S.C. § 1983 ..............................................................................passim

TEX. CIV. PRAC. REM. CODE ANN. § 51.014(a)(8)................................................9, 10

TEXAS LOCAL GOVERNMENT CODE § 211.009..........................................................14

TEXAS LOCAL GOVERNMENT CODE § 211.010..........................................................14

TEXAS LOCAL GOVERNMENT CODE § 211.011..............................................7, 13, 15

TEXAS LOCAL GOVERNMENT CODE § 211.012..........................................................7

**OTHER AUTHORITIES**

United States Constitution ....................................................................................11

## STATEMENT OF THE CASE

*Nature of the case*:        Appellant, City of Nassau Bay, Texas ("the City") filed suit against Appellees under Chapter 211 of the Texas Local Government Code to enforce its Zoning Ordinance. Appellees filed a counterclaim against Appellant, alleging violations of due process. The City filed a plea to the jurisdiction and alternative motion for summary judgment on Appellees' counterclaim.

*Trial court*:        The Honorable Robert Schaffer, 152nd Judicial District Court of Harris County, Texas.

*Trial court's disposition*:        The trial court conducted a hearing on February 6, 2015 on the City's plea to the jurisdiction and alternative motion for summary judgment and entered an order denying the City's plea and motion.

## ISSUES PRESENTED

1.    The trial court erred in denying the City's plea to the jurisdiction and motion for summary judgment because the Appellees' counterclaim is an untimely and impermissible collateral attack on the determination of the City of Nassau Bay Zoning Board of Adjustment.

2.    The trial court erred in denying the City's plea to the jurisdiction and motion for summary judgment because, in light of the undisputed evidence, the Appellees' counterclaim fails to present a viable claim of constitutional deprivation of due process sufficient to overcome governmental immunity.

3.    The trial court erred in denying the City's Plea to the Jurisdiction because the allegations and evidence disprove that a City policy was the moving force behind a constitutional deprivation and thus for this additional reason there is no viable basis to overcome governmental immunity.

## STATEMENT OF FACTS

This case arises out of the Appellee's essentially undisputed violation of the Nassau Bay City Zoning Ordinance.

Since 1971, without exception, the City's zoning ordinances have required residential structures in the City to have a minimum seven (7) foot side setback [C.R. 149-425; see, particularly, C.R. 353]. Moreover, for nearly forty-five years, all City ordinances have consistently defined "non-conforming use." Given that these two controlling provisions have remained unchanged, notwithstanding other amendments, the City refers to the different variations of the zoning ordinance collectively as "the Ordinance" unless otherwise specified.

It has never been disputed in this case, and is indeed well established, that a side setback requirement for property is rationally related to a legitimate governmental interest, including, but not limited, to fire safety. Structures existing prior to any setback requirement would, under the Ordinance, be "grandfathered" in, with a phase-out requiring that structures that are at least 50% destroyed must be brought into compliance in connection with any rebuilding. Of course, structures that were built in contravention of existing codes, as are Barrett's, are illegal non-conforming structures.

In 1983, after Hurricane Alicia, Barrett constructed an open, detached trellis on the west side of his house and installed a Jacuzzi style hot tub on decking [C.R.

64-72]. Appellant admits he obtained no permit or anything else in writing from the City authorizing him to construct the trellis structure or install the hot tub [C.R. 73, 111]. In 1991, Appellant hired a contractor to enclose the hot tub in what was essentially a "bath house" abutting his residence with a common roof. [C.R. 72, ln. 22-23, 75].[1] Appellant's bath house is, and was at the time of its initial construction, affixed to the fence directly on the lot line. [C.R. 63, 117-128, 137-138, 144-45]. In fact, after that construction, the roof of Appellant's house connected directly to his neighbor's fence [C.R. 72, 74]. Appellant had the contractor enclose "the west and the north and the south side with windows and a wall" [C.R. 75] and thereby created an enclosure housing the hot tub and patio [Id].

Whatever may have existed before in the way of a deck or trellis, Appellee admittedly gave it vertical structure, enclosed the walls, installed windows, extended the roofline from the house and attached it to the neighbor's fence, in 1991, over seven years after Hurricane Alicia.

The structure was, and is, in clear violation of the setback requirements of the City's Ordinance. Appellant admits that neither he nor his contractor obtained a variance or any type of written permit, as required under the Ordinance, allowing Appellant to build the unquestionably nonconforming structure, although Appellant contends he understood he had the verbal assurance of his friend and

_____

[1] Appellee had stated "1992" although the one year difference is not material. There was no door access to the house, no insulation and no air conditioning.

4

prior building official Andy Straub, that the extension of the roof to the fence line was "all right." [C.R. 76 ln. 6-13, 77-78]. Appellant falsely reported to Assistant City Manager Mary Chambers that Mr. Staub had issued him a permit. [C.R. 134, ln. 23-24]. Appellant later admitted that he did not obtain a permit. [C.R. 76, 111]. Consistent with Appellant's admission, it is clear Appellant never sought, and the City never issued, a required permit for the construction and Appellant also never requested, and therefore the City never granted, the necessary variance from the clear and unequivocal setback requirement under the Ordinance.

In fact, the then-current City Building Official learned of the violation when Appellant dissembled the structure to remove a dead tree, removed deteriorated lumber, the windows, and the hot tub, and brought in lumber to rebuild the deteriorated structure, again on the lot line – in violation of the setback requirement – all without a permit [C.R. 79, 81-88]. As the construction was being done without a permit and in violation of the ordinance's setback requirement, and in his judgment that more than 50% of the building had been destroyed, the City Building Official, Larry Boles, issued a stop work order [C.R. 109]. Appellant complained about the Building Official's issuance of the stop work order.[2] The Building Official returned to Appellant's residence with Assistant City Manager Mary Chambers whose assessment was consistent with Boles' [C.R. 130-31].

_____

[2] Appellant was at his other house on Lake Livingston at the time [C.R. 80].

5

Ms. Chambers observed the proximity of the structure directly on the fence line and, upon finding no variance authorizing its construction, observed that it was an illegal nonconforming structure [C.R. 133, 136]. In addition to the reasons for issuing a stop work order the Building Official observed that a variance would be required for the rebuilding [C.R. 568].

After conferring with City personnel, Appellant exercised his right to be heard by the City's Zoning Board of Adjustment. The Zoning Board of Adjustment held a public hearing on the matter at which Appellant fully presented his position [C.R. 91-93, 113-114, 426-27]. Appellant's neighbor to the west also appeared at the hearing and opposed Appellant's request for a variance [C.R. 98-99]. Appellant disputed that the structure (1) was an illegal nonconforming use; and (2) that it was at least 50% destroyed, so as to require compliance with the Code or a variance [C.R. Id, 113-116; 426-427].[3] After hearing and considering the matter, the Zoning Board of Adjustment denied Appellant a variance from the Code and effectively upheld the building official's stop work order.[4] Appellant subsequently retained counsel and, following communications with the City Attorney, and although not required by law, the Zoning Board of Adjustment

---

[3]    Either way, the structure was not permissible.

[4]    Appellant contends that the meeting ended with the Board stating "we believe Mr. Boles" regarding the 50 percent estimate [C.R. 100-101]. To be sure the Board did not grant the requested variance.

6

permitted Appellant to have a *second* hearing [C.R. 94]. Appellant again presented his position, this time through his attorney. Once again, the Board denied Appellant's variance request and upheld the stop work order. **It is undisputed Appellant did not timely appeal the unequivocal and final actions by the Zoning Board of Adjustment** [C.R. 137, 426-27], thereby accepting the Board's determination and making it final under § 211.011(b) Texas Local Government Code.[5]

When Appellant refused to bring his structure into compliance even after he had been denied a variance by the ZBA, the City brought this action to enforce the Code through mechanisms provided for in the Texas Local Government Code.[6] On April 18, 2013, Appellant responded to this enforcement action by filing a counterclaim against the City and adding third-party claims against various City officials who voted to deny him a variance and a few employees whom Appellee apparently alleges were not complicit in or accepting of his noncompliance [C.R. 15-32]. Appellant alleged the Zoning Board of Adjustment's decision not to permit the construction/rebuilding of his clearly non-compliant bath house amounted to a violation of his procedural and substantive due process rights, citing generally the United States and Texas Constitutions [C.R. 26].

---

[5]    Since these events, Appellee sought a permit to construct a fence which the City granted [C.R. 110].

[6]    See, Texas Local Government Code § 211.012. The structure remains attached to the neighbor's fence.

7

Appellee's counterclaim is an impermissible collateral attack on the ZBA's decision and the decision of the City's Building Official. Indeed, Appellant does not complain of any action by the Nassau Bay City Council [C.R. 112]. Appellant's complaint is with Building Official Larry Bole's determination of 50% destruction of the prior non-conforming structure and the Board's refusal to agree with his own assessment that it was only 26% destroyed.[7] Again, through its Zoning Board of Adjustment, the City has provided a due process mechanism for disputing the building official's determination. Appellant actually exercised his right to challenge the determination and he was fully heard on the issue *twice* and, despite Texas law authorizing him to do so, he chose to appeal no further, thus being deemed, as a matter of law, to have accepted the ZBA's decision and the reasons therefore. As a matter of law, Appellee cannot now collaterally challenge the determination of the Building Official and Board through a lawsuit, even one alleging constitutional violations.

Before discovery, the City and Third-Party Defendants filed a plea to the jurisdiction asserting that the trial court has no jurisdiction over any of claims asserted against the Third-Party Defendants and no jurisdiction over Appellee's state law claims against the City based on governmental immunity. On October 18, 2013, the trial court granted the plea to the jurisdiction dismissing all of

---

[7]     In his Counterclaim, Appellant alleges 26% [C.R. 24] and in his testimony 22% [C.R. 90].

8

Appellant's claims against the individual third-party Defendants and all state law claims against the City [C.R. 33]. Although appealable, at least in part, under § 51.014(a)(8) Tex. Civ. Prac. Rem. Code, Appellee did not appeal that ruling. After Appellee, the City Building Official, and Assistant City Manager, all provided deposition testimony, the City filed its plea to the jurisdiction and alternative motion for summary judgment on the remaining counterclaim [C.R. 44-428]. The trial court denied that plea and motion, and the City timely noticed this appeal of the trial court's ruling [C.R. 629; 634-35].

## SUMMARY OF THE ARGUMENT

The trial court erred in denying the City's Plea to the Jurisdiction because, as a matter of law (1) Appellee's counterclaim is an untimely and impermissible collateral attack on the determination of the City of Nassau Bay Zoning Board of Adjustment which has become final; (2) Appellee's counterclaim fails to present a viable claim of constitutional deprivation of due process sufficient to overcome governmental immunity and; (3) since the doctrine of *respondeat superior* does not apply to claims of constitutional violations against governmental entities, such as the City, Appellee's counterclaim fails to present an actionable claim against the City in light of the attribution requirements necessary to assert a claim of

Specifically, Plaintiff admittedly never appealed the conclusive determination of the Zoning Board of Adjustment and this Court does not have

9

jurisdiction to hear Plaintiff's untimely collateral challenge to that determination in this action. Moreover, Appellee's counterclaim fails, even if it had evidentiary support, to present the elements of a viable procedural or substantive due process claim against the City and thus, under clear Texas law, governmental immunity has not been waived and this Court lacks jurisdiction. Finally, the competent evidence before the Court disproves any deprivation of due process by the Appellant and further establishes the City's governmental immunity and the Court's lack of subject matter jurisdiction over the Appellee's Counterclaim. Accordingly, the trial court erred when it failed to dismiss Appellee's suit with prejudice.

## STANDARD OF REVIEW

This Court has jurisdiction to review an interlocutory order denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). "Whether a court has subject matter jurisdiction is a legal question that is reviewed *de novo*." *City of Dallas v. Woodfield*, 305 S.W.3d 412, 415 (Tex. App. – Dallas 2010, no pet.); *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004). Similarly, whether uncontroverted evidence of jurisdictional facts demonstrates subject-matter jurisdiction is also a question of law. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Subject matter jurisdiction is never presumed and cannot be waived." *Texas Assoc. of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443-44 (Tex. 1993). It is essential to

10

the power of a tribunal to decide a case and, without it, a court cannot render a valid judgment. *Id.* A court's lack of subject matter jurisdiction is an issue that cannot be waived and can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008).

The complainant has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226. A plea to the jurisdiction seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental "immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (*per curiam*). Appellee's allegations in this case failed to establish the District Court's jurisdiction and the evidence disproved any jurisdiction.

## ARGUMENTS AND AUTHORITIES

I. **The Trial Court lacks jurisdiction over Appellee's Counterclaim because Appellee did not timely appeal the decision of the Zoning Board of Adjustment in accordance with the Texas Local Government Code.**

Although couched as an alleged violation of his constitutional right to due process under the United States Constitution, Appellee's counterclaim is, inescapably, a collateral challenge to the now final determination(s) of the City's Zoning Board of Adjustment upholding the determination of the Building Official,

11

and denying Appellee a variance for his non-conforming structure. Indeed, the fundamental premise of the counterclaim is that the Board, and Building Official before it, "got it wrong," because Appellee contends his friend, a building official from many years earlier, had orally and personally blessed the structure at some point during its non-conforming existence,[8] and that the Building Official overestimated the level of deterioration to the structure. Appellee's claims that the Building Official and Zoning Board wrongly decided the stop work order issue and denied a variance are his counterclaim.

Although he makes conclusory allegations of a constitutional deprivation, Appellee doesn't actually identify any denial of procedural or substantive due process; because, as discussed further below, he can't. Instead, Appellee claims that, after notice and <u>two</u> hearings – the essence of due process – the Zoning Board came to the "wrong" conclusion about whether he should be permitted to construct/rebuild the bathhouse attached to his neighbor's fence in violation of the City Ordinance requirements. Having deliberately chosen not to appeal that decision as Texas law allowed, Appellee cannot now challenge it collaterally in this suit.

---

[8] Appellee offered an unsworn incompetent "hearsay" statement from the witness to which Appellant objected. *Guinn v. Bosque County*, 58 S.W.3d 194 (Tex.App. – Waco 2001, pet. denied).

12

Because Appellee failed to exhaust his administrative remedies under the Texas Local Government Code, the District Court has no jurisdiction to consider his untimely challenge. As a matter of fact, Appellant acknowledged that he never appealed. Indeed, as he acknowledged and admitted in his own counterclaim pleadings the Board of Adjustment's decisions of which he now complains occurred in June and September 2012, many months before he asserted the Counterclaim in April 2013[C.R. 25 (Counterclaim ¶¶ 29, 32)].

As a matter of law, a party challenging the propriety of an order of a building official and, upon proper appeal, a Board of Adjustment's decision, must comply with the procedures prescribed by the Texas Local Government Code:

> The aggrieved person may appeal the decision of the board of adjustment by filing, ***within ten days of the board's decision***, a verified petition in a district court, county court, or county court at law stating that the board's decision is "illegal in whole or in part."

*Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex.App. – Houston [14th Dist.] 2012, no pet.) (emphasis in original). See, Texas Local Government Code § 211.011(b). "Administrative remedies available under section 211 of the Local Government Code generally must be exhausted before a party may seek judicial review of a determination made by an administrative official." *Id*, citing, *City of San Antonio v. El Dorado Amusement Co*., 195 S.W.3d 238, 250 (Tex.App. – San Antonio 2006, pet. denied) ("Because El Dorado did not exhaust its administrative remedies, the trial court lacked jurisdiction to determine the propriety of the

13

adjustment board's denial of the non-conforming use permit."). *Winn v. City of Irving*, 770 S.W.2d 10, 11 (Tex.App. – Dallas 1989, no writ) ("It is settled that the administrative remedies provided by Local Government Code section 211.009-.010…must be exhausted before matters may be brought before the courts.").

When an individual fails to comply with the requirements of a governing statute, a court is deprived of jurisdiction to decide the dispute. See, *Winn, citing, Larry Koch, Inc. v. Tex. Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 839 (Tex.App. – Austin 2001, pet. denied). See also, *Robinson v. Friendswood*, 890 F.Supp. 616, 622 (S.D. Tex. 1995) (1983 claim requires exhaustion of state administrative remedies). In *Lazarides*, the plaintiff failed to timely or properly appeal the building official's decision. Accordingly, the Fourteenth Court of Appeals held that the trial court erred by not dismissing the claims, other than *ultra vires* claims, for lack of subject matter jurisdiction.

Again, it is undisputed that Appellee never appealed the Board's decision, not within ten days; not ever. Instead, Appellee now attempts, clearly impermissibly, to collaterally attack the now final and non-appealable decisions through his counterclaim. As the *Lazarides* court explained, a court simply, but clearly, lacks jurisdiction to consider Appellee's claim regarding the Board's decision of the predicate decisions of the Building Official, which the Board adopted, or the manner in which they made those decisions.

14

Indeed, permitting an individual to accept the determination of a Zoning Board, allow it to become final and non-appealable, and *only then* make an untimely challenge when enforcement of the earlier decision becomes necessary would render the legislative intent of § 211.011(b) of the Texas Local Government Code completely meaningless and would render the statutory provision wholly ineffective. Appellee's admitted failure to timely challenge the determination of the Zoning Board of Adjustment and Building Official, a failure to exhaust remedies available under the Code to challenge the decision, unquestionably deprives the District Court of jurisdiction to now consider that challenge as a counterclaim to the enforcement proceeding. The claim is barred by the Code, and in light of the failure to meet the Code's prerequisites, cannot surpass the City's immunity.

II. **Appellant Failed to State and cannot state a viable claim of deprivation of procedural or substantive due process and thus, the City retains immunity from suit and the Court lacks jurisdiction.**

   A. *Plaintiff was required to state a viable due process claim to overcome Appellant's governmental immunity.*

Even if, *arguendo*, Appellant had exhausted his administrative remedies, his counterclaim fails based on governmental immunity. Cf., *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006). While a City can be potentially sued for violation of the due process clause of the United States or Texas Constitutions, simply asserting a violation is not enough. Rather, in order to overcome

15

governmental immunity from suit, a plaintiff must plead and prove a valid due process claim. See, *Garcia v. Kubosh*, 377 S.W.3d 89, 98-100 (Tex.App. – Houston [1st Dist.] 2012, no pet.) (Harris County retained immunity from suit where plaintiff failed to plead valid due process claim); *Kaufman County v. Combs*, 393 S.W.3d 336, 344-45 (Tex.App. – Dallas 2012, pet. denied); *Cf. Texas Dept. of Transportation v. A.P.I. Pipe and Supply*, 397 S.W.3d 162, 166 (Tex. 2013) (Court should grant plea to the jurisdiction based on immunity where plaintiff cannot establish viable constitutional claim); *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468 (Tex. 2012). Hence, absent a pled and demonstrably valid or viable due process claim, the Appellant's immunity remains intact, and the District Court lacks jurisdiction.

> B. *Plaintiff has not identified a property interest, for which due process, procedural or substantive, attaches, as fundamentally necessary to present a viable claim.*

"The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Sanders*, 588 F.3d 282, 290 (5th Cir. 2009). Without such an interest, no right to due process accrues. Id. "Under this analysis, the 'hallmark of property…is an individual entitlement grounded in state law, which cannot be removed except for cause.'" *Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148 (1982)).

Appellant submitted as evidence City Ordinances enacted from 1971 to the present requiring a residential minimum three-foot side setback [C.R. 149-425]. It is beyond reasonable dispute that Appellee's structure does not conform to this requirement and did not conform when it was constructed. Irrespective of whether the Building Official and Assistant City Manager's *further* observation that it was at least fifty percent deteriorated, Appellee has never been entitled to attach his bath house to the neighbor's fence **so he has no property right or interest in the nonconforming structure**. Accordingly, since Appellee cannot show a property interest to which right of due process attaches, he fails to state a viable claim and the City's immunity remains intact.

C.     *Even if he had a property interest, Plaintiff has not stated a viable procedural due process claim here, and the evidence, including plaintiff's own admissions, refutes any such claim.*

Having been given notice of two hearings and having admitted he was heard at both, Appellee didn't explain how his right to procedural due process could have conceivably been violated. "[A] plaintiff alleging a procedural due process claim must establish that he was deprived of notice and an opportunity to be heard with respect to a decision affecting his property rights." *City of Paris v. Abbott*, 360 S.W.3d 567, 582 (Tex.App. – Texarkana 2011, pet. denied). Assuming, *arguendo*, Appellee has a property interest which entitled him to due process, a contention, or even proof, that the Building Official or Zoning Board of Adjustment reached the

17

wrong conclusion, as Appellee makes here, does not state a claim for procedural due process. Appellee does not deny, and the evidence amply established, that he was heard, indeed repeatedly, on the issues in question.

In fact, in his Counterclaim, Appellee describes (1) a June 4, 2012 letter he wrote to the Zoning Board of Adjustment members;[9] (2) a June 14, 2012 hearing before the Zoning Board of Adjustment at which he made "strenuous arguments and offerings of evidence;"[10] (3) a June 19, 2012 letter from his attorney to the Zoning Board of Adjustment and other City officials further contesting the decision;[11] and (4) a [second] September 13, 2012 hearing before the Zoning Board of Adjustment, where he again argued that the stop work order was improper;[12] and (5) a post-hearing letter setting out "his entire side of this controversy."[13]

By his own admissions and his presence at two hearings it is indisputable that Appellee was notified of his right to contest the decision and seek a variance. He availed himself of the mechanism offered by the Zoning Board of Adjustment to hear and consider his petition. Appellee admits in his Counterclaim that he had

---

[9]     Appellee contends that in the letter, he "carefully explained" the disputed facts, and attached his evidence [C.R. 24 (Counterclaim, ¶ 27)].

[10]     [C.R. 24 (Counterclaim ¶ 29); C.R. 89, 91-94, 113-116, 426-27].

[11]     [C.R. 25 (Counterclaim ¶ 30)]

[12]     [C.R. 25 (Counterclaim ¶ 32)]

[13]     [C.R. 25-26 (Counterclaim ¶ 33)]

18

at least two opportunities to be fully heard and that he was heard. To be sure, Appellee does not contend he was denied the right to be heard on the issuance of a stop work order or denial of a variance,[14] including the Building Official's determination that the structure in question was at least fifty percent (50%) destroyed, and whether Appellee should nevertheless be granted a variance to deviate from the setback requirement. However fervently Appellee disagrees with the decision, by his own admission he was given ample opportunity – far more than constitutionally required – to be heard. Accordingly, he has no viable procedural due process claim and the City remains immune from suit.

Moreover, Appellee's testimony and admissions confirm his pled and *judicially admitted* allegations – that he articulated his concerns and was given two hearings before the Zoning Board wherein he fully presented his contention that the structure was conforming and not more than fifty percent destroyed [C.R. 91-93, 113-114, 426-27], further disproving any viable procedural due process claim.

D.     *Appellee failed to state a viable substantive due process claim, and the evidence refutes any such claim.*

"The United States Supreme Court has abandoned the sweeping protection of economic rights through substantive due process." *Garcia*, at 99. "To state a substantive due process claim, a plaintiff must show that the government's

---

[14]     Whether described as a review of a stop work order, or consideration of a variance is immaterial as the Board admittedly heard all of Appellee's contentions and resolved all issues against him.

19

deprivation of a property interest was arbitrary or not reasonable related to a legitimate governmental interest." *Garcia*, citing, *Williams v. Tex. Tech Univ. Health Sci. Ctr.*, 6 F.3d 290, 294 (5th Cir. 1993). Zoning decisions are to be reviewed by the same constitutional standards employed to review statutes enacted by state legislatures. *Lee v. Whispering Oaks Home Owners' Ass'n*, 797 F.Supp.2d 740, 750 (W.D. Tex. 2011). Even where review is properly sought, the only question which the courts may consider is "whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare." *Id*, at 751. Rational basis review is "extremely deferential." *Id*. "[T]he Court may ask whether there was a conceivable factual basis for the specific decision made and nothing more." *Id*, citing, *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 934 (5th Cir. 1988). In other words, the court can hypothesize a rational basis, even if the plaintiff pleads facts demonstrating that the action was also motivated by animus. *Id*, at 752.[15] See also, *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167 (5th Cir. 1996). Appellant is unaware of any Court ever finding a residential side setback requirement to not be rationally related to the general welfare and believes there are none.

---

[15]     Indeed, as Appellee acknowledged, "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." [C.R. 461, citing, *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2nd Cir. 1999)].

20

Here, Appellant did nothing more than make a conclusory assertion of a substantive due process violation. Appellee did not and could not realistically allege that the City's ordinance lacked a rational basis – he simply disagrees with the building official and Zoning Board of Adjustment's conclusions. Obviously, this falls far short of stating a viable substantive due process claim, even if the Building Official, Assistant City Manager and Zoning Board of Adjustment were all wrong, incompetent or misguided. There was never any evidence before the District Court that the Zoning Board's decision was arbitrary and capricious, lacking any possible rational basis. The Court erred in denying the plea.

III. **Appellee failed to show a viable claim against the City because he neither alleged nor showed competent proof that a municipal policy was the moving force behind a constitutional deprivation.**

Even if he had stated a viable constitutional claim, generally, Appellee's claim against the City is not viable because it fails the attribution requirement. More specifically, Appellee failed to identify any City policy which was the demonstrable moving force behind the constitutional deprivation he alleges. Without such a showing, there can be no viable 42 U.S.C. § 1983 due process claim against the City, the City retained its immunity from suit and the District Court lacked jurisdiction over the claim.

A. *Governmental liability under 42 U.S.C. § 1983 cannot be based on respondeat superior.*

First and foremost, as there has been no deprivation of constitutional rights by any city actor, there can be no claim against Appellant under 42 U.S.C. § 1983. However, even if there were such a deprivation, the City cannot be held liable under Appellee's allegations, even if true. A governmental body "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Under § 1983, a governmental entity, like the City, may only be held liable for those acts for which it is actually responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298 (1986). The Supreme Court has recognized very narrow circumstances in which a city may be held liable for the conduct of its employees, even if such conduct is unconstitutional. *Monell*, 436 U.S. at 694, 98 S.Ct. 2037-38 (1978); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998). As Appellee's allegations against the City could only be premised on a misplaced theory of *respondeat superior* here, they are not viable and should have been dismissed.

B. *The Evidence disproves the required element that a policymaker promulgated an official policy which was the moving force behind a deprivation of Appellee's constitutional rights.*

A claim of a constitutional violation against a governmental entity may not be based on the theory of *respondeat superior* but, rather, requires proof of unconstitutional action of the governmental entity's lawfully defined policymaker.

22

*Cf., Board of Co. Com'rs of Bryan Co. v. Brown*, 520 U.S. 397,, 117 S.Ct. 1382, (1997). "For a City to be liable under § 1983, there must be (1) a policymaker;[16] (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Monell*, 436 U.S. 658 at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). As a matter of law all "…three elements 'are necessary to distinguish government employees from those that can be fairly identified as actions of the government itself.'" *Piotrowski*, 237 F.3d at 578. Furthermore, "[t]he existence of official policymaking authority is a question of law to be decided by the court." *Tharling v. City of Port of Lavaca*, 329 F.3d 422, 430-31 (5th Cir. 2003). In order to support a claim, the description of the alleged policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must be factually specific. *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

As the *Piotrwoski* Court specifically discussed, "this is no opaque requirement" and "[m]istakes in analyzing section 1983 [governmental] liability cases frequently begin with a failure to separate the three attribution principles and to consider each in light of relevant case law." *Piotrowski*, 237 F.3d at 578-79. Therefore, to hold a City liable under § 1983, a plaintiff must demonstrate a

---

[16] "The burden is on [p]laintiffs to establish the identity of the final policymaker on the part of the local government unit." *Bass v. Parkwood Hosp*, 180 F.3d 234, 244 (5th Cir. 1999).

23

policy-making governmental official has knowledge of an alleged unconstitutional custom. *Pineda*, 291 F.3d at 330. However, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the [governmental entity].

The plaintiff must also demonstrate that, through its deliberate conduct, the [governmental entity] was the moving force behind the injury alleged." *Board of Co. Com'rs of Bryan Co.*, 520 U.S. 404, 117 S.Ct. 1388. "[T]here must be a direct causal link between the [City] policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. It is crucial that the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, [governmental] liability collapses into *respondeat superior* liability." *Id.* (quoting *Snyder*, 142 F.3d at 791). Therefore, to be actionable, the custom or policy at issue must also be the moving force of the constitutional violation, or a cause in fact of a specific constitutional deprivation. *Spiller*, 130 F.3d at 167.

C.     *There is no unconstitutional policy of the City of Nassau Bay.*

Here Appellee has made conclusory allegations of policy and nothing more. To be sure, he has failed to identify *any* specific unconstitutional City policy or custom. Conclusory assertions of a municipal policy fail to state a viable claim. See *Fernandez-Montes*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller*, 130 F.3d at 167.

Moreover, Appellee has failed to allege *any facts* showing any unconstitutional City policy, pattern or practice and his allegations are confined to what he contends occurred in relation to his own reconstruction of a bath house. Appellee has neither alleged nor demonstrated that a City policy was the moving force behind an alleged constitutional deprivation. Because Appellee did not even provide the type of vague allegations described within Pineda, failed to allege the existence of an unconstitutional policy, attribute it to the City or show that it was the moving force behind a constitutional violation, his claim under 42 U.S.C. § 1983 is not viable and does not pierce the City's immunity from suit. Given Appellee's failure to identify any City policy which was the moving force behind the alleged violation of his due process rights, his claims should have been dismissed for this additional reason. *Piotrowski,* 237 F.3d at 578.

The City's policymaker in terms of zoning laws is the City Council. Again, Appellee does not complain of any action of the City Council [C.R. 112]. While he may disagree with the Building Official's determination, and review by the Zoning Board of Adjustment, Appellee failed to show that any municipal policy was the moving force behind his alleged injury. Accordingly, in the absence of this critical element of attribution, Appellant's immunity remains intact.

Any one of these grounds constituted a basis for dismissal in light of the lack of jurisdiction the District Court had over this case. The Court erred by denying the City's plea to the jurisdiction on Appellee's Counterclaim.

## CONCLUSION

Appellee failed to timely appeal the decisions of the Building Official and Zoning Board of Adjustment, and failed to exhaust administrative remedies and the District Court does not have jurisdiction to consider Appellee's collateral attack on the decisions he did not timely challenge. Regardless, Appellant has failed to state or adduce proof of a viable claim for the deprivation of procedural or substantive due process and, in fact, the evidence refutes any such claim. Finally, Appellee fails to establish a claim against the City because the allegations and evidence do not demonstrate that a City policy was the moving force behind an intentional deprivation of Appellee's rights. Accordingly, the City's governmental immunity has not been waived, and the trial court lacked jurisdiction and should have granted the City's plea.

## PRAYER

The City of Nassau Bay, Texas prays that this Court reverse the trial court's denial of its Plea to the Jurisdiction, and render that the Appellee's Counterclaim be dismissed for lack of subject matter jurisdiction, and for general relief.

Respectfully submitted,

/s/ *William S. Helfand*

William S. Helfand
Attorney-in-Charge
SBOT No. 09388250
bill.helfand@chamberlainlaw.com
Charles T. Jeremiah
SBOT No. 00784338
Charles.jeremiah@chamberlainlaw.com
ATTORNEYS FOR APPELLANT

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
        WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002-4401
(713) 654-9630
(713) 658-2553 (Fax)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief has been served via CM/ECF System and/or by CD and certified mail, return receipt requested, on this 6th day of May 2015, to:

Iain Gordon Simpson
Simpson, P.C.
1333 Heights Blvd, Ste 102
Houston, Texas 77088
Email: iain@simpsonpc.com

Jeffrey N. Todd
The Law Firm of Alton C. Todd
312 S. Friendswood Drive
Friendswood, Texas 77546
Email: Jeff@actlaw.com


/s/*William S. Helfand*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface and word-count requirements set forth in the Texas Rules of Appellate Procedure. This brief has been prepared, using Microsoft Word, in 14-point Times New Roman font for the text and 12-point Times New Roman font for any footnotes. This Motion contains 5,981 words, as determined by the word count feature of the word processing program used to prepare this document, excluding those portions of the notice exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ *William S. Helfand*

1877971.2

# APPENDIX

# TAB A

2/2/2015 4:59:15 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3991770
By: SMITH, SALENE
Filed: 2/2/2015 4:59:15 PM

CAUSE NO. 2013-10661

| | | |
|---|---|---|
| CITY OF NASSAU BAY, TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| H. RAY BARRETT, and 1438 | § | |
| KINGSTREE LANE, in rem | § | |
| | § | |
| *Defendants.* | § | 152ⁿᵈ JUDICIAL DISTRICT |

ORDER

On this day, the Court having considered Counter-Defendant City of Nassau Bay, Texas Plea to the Jurisdication and Alternative Motion for Summary Judgment, Counter-Plaintiffs' response, and considered the applicable authorities, is of the opinion that the Third Party Defendants' motion should be DENIED.

It is THEREFORE ORDERED, that Counter-Defendant's Plea to the Jurisdiction is DENIED in its entirety.

It is FURTHER ORDERED, that Counter-Defendant's Motion for Summary Judgment is DENIED in its entirety.

Signed this _____ day of ____ **FEB 0 6 2015** ____, 2015.

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk