ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:29:32 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00583-CV

_____

**IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/22/2015 4:29:32 PM
CHRISTOPHER A. PRINE
Clerk

_____

THE HONORABLE MARK HENRY, COUNTY JUDGE
OF GALVESTON COUNTY,

*Appellant,*

v.

THE HONORABLE LONNIE COX,

*Appellee.*

_____

On Interlocutory Appeal from the 56th District Court, Galveston County, Texas

_____

**APPELLANT'S MOTION TO CREATE A SEPARATE DOCKET NUMBER FOR HIS ADDITIONAL AND SEPARATE NOTICE OF APPEAL THAT CHALLENGES THE DENIAL OF HIS PLEA TO JURISDICTION *AND* MOTION TO ABATE THE BRIEFING SCHEDULE IN THIS TEMPORARY INJUNCTION APPEAL UNTIL THE JURISDICTIONAL APPEAL UNDER THE NEW, SEPARATE DOCKET NUMBER IS DECIDED**

_____

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellant, The Honorable Mark Henry, County Judge of Galveston County, files this Motion to Create a Separate Docket Number for His Additional and Separate Notice of Appeal that Challenges the Denial of His Plea to the Jurisdiction *and* Motion to Abate the Briefing Schedule in This Temporary

Injunction Appeal Until the Jurisdictional Appeal Under the New, Separate Docket Number is Decided, and would show the Court as follows:

## Background

**A.    This interlocutory appeal challenges the merits of the temporary injunction order issued against Appellant County Judge Mark Henry.**

1.     The above-captioned matter is an interlocutory appeal of a temporary injunction order. (CR. 334.); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).  The Honorable Lonnie Cox in his official capacity as Judge of the 56th District Court of Galveston County brought the underlying suit against The Honorable Mark Henry, County Judge of Galveston County, seeking to reinstate the employment of Bonnie Quiroga as Director of the Galveston County Justice Administration.[1] (CR. 9, 247.)

2.     On July 6, 2015, Visiting Judge Sharolyn Wood signed a temporary injunction order against County Judge Mark Henry as requested by Judge Cox. (CR. 329.)

3.     County Judge Mark Henry immediately appealed the temporary injunction order. (CR. 334.)  The interlocutory appeal was assigned to this Court and received the above-captioned docket number.

4.     A briefing schedule was recently set in this temporary injunction appeal.  The appellant's brief by County Judge Mark Henry challenging the merits

---

[1]  Ms. Quiroga was appointed to that position in 2000 by the Galveston County Commissioner's Court and it terminated her employment on July 24, 2014.

of the temporary injunction order is currently due August 6. The substantive merits of the temporary injunction order are necessarily subservient to the separate and preliminary issue of subject matter jurisdiction—which County Judge Mark Henry also challenged by a plea to the jurisdiction that was denied. (CR. 231.)

**B.    Appellant's additional notice of appeal, received by the Court July 14 and given the same docket number as this temporary injunction appeal, challenges the separate and preliminary matter of lack of subject matter jurisdiction.**

5.      On July 13, Appellant County Judge Mark Henry filed an additional and separate Notice of Interlocutory Appeal to challenge the denial of his plea to the jurisdiction and lack of subject matter jurisdiction below. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); s*ee Texas A&M University System v. Koseoglu*, 233 S.W.3d 835, 837 (Tex. 2007). The jurisdictional inquiries raised by County Judge Mark Henry's additional notice of appeal include standing and sovereign immunity challenges that unquestionably are separate and distinct from the substantive merits (lack thereof) of the temporary injunction in the above-captioned docket number.

6.      Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *See Garcia v. Kubosh,* 377 S.W.3d, 89, 94 (Tex. App. – Houston [1st Dist.] 2012, no pet.). Equating the substantive merits with subject matter or personal jurisdiction violates the fairness considerations that form the basis of due-process mandates. *See e.g., Wilson v. Baker,* 2011 WL 6938523 at *2 (Tex. App. – Austin 2011, no pet.).

3

7. On July 14, County Judge Mark Henry's additional and separate Notice of Interlocutory Appeal regarding the denial of his plea to the jurisdiction was received by the Court and given this same docket number as the temporary injunction appeal.

## The creation of a separate docket number for Appellant's new jurisdictional appeal is necessary and proper

8. County Judge Mark Henry requests that the Court create a new and separate docket number for his new interlocutory appeal regarding the denial of his plea to the jurisdiction and the lack of subject matter jurisdiction below.

9. From a legal standpoint, this is necessary and proper because the substantive merits of the temporary injunction appeal should not be intertwined or equated with the issues in the jurisdictional appeal. *Id.*

10. From a practical standpoint, since lack of subject matter jurisdiction is always controlling, the creation of a separate docket number for the new jurisdictional appeal will allow the parties to provide the Court with focused briefing on that preliminary matter and avoid the additional expense of briefing the substantive merits of the temporary injunction order—unless that in fact becomes necessary. In that event, the parties will be able to provide focused briefing to the Court on the substantive merits of the temporary injunction order (and lack thereof) that will not be duplicative of the briefs in the jurisdictional appeal. The parties,

the Court, and the administration of justice will all benefit from the efficiencies afforded by this more measured approach.

**An abatement of the briefing schedule in this temporary injunction appeal is also necessary and proper**

11. To realize the full benefits afforded by the creation of a separate docket number for the jurisdictional appeal, County Judge Mark Henry further requests that the Court abate the briefing schedule in this temporary injunction appeal under the above-captioned docket number until the jurisdictional appeal under the new, separate docket number is decided. At that point, the Court can either dismiss this temporary injunction appeal as moot or reset the briefing schedule on the substantive merits of the temporary injunction order, if necessary. This will greatly aid the Court and the parties in efficiently resolving the entire case and avoid unnecessary complication and expense in reaching that resolution.

12. Accordingly, for all of these reasons, Appellant, The Honorable Mark Henry, County Judge of Galveston County requests the Court to (i) create a separate docket number for his additional interlocutory appeal regarding the denial of his plea to the jurisdiction and lack of subject matter jurisdiction below, and (ii) abate the briefing schedule in this temporary injunction appeal until the jurisdictional appeal under the new, separate docket number is decided.

## CERTIFICATE OF CONFERENCE

In accordance with TEX. R. APP. P. 10.1(a)(5), the undersigned counsel for Appellant, The Honorable Mark Henry, County Judge of Galveston County, communicated with Mr. Mark Stevens, counsel for Appellee by telephone on July 21 and 22, 2015 to confer about the merits of these Motions. Mr. Stevens indicated that Appellee is opposed to the Motions being granted.

/s/ N. Terry Adams, Jr.
N. Terry Adams, Jr.

WHEREFORE, PREMISES CONSIDERED Appellant, The Honorable Mark Henry, County Judge of Galveston County respectfully requests the Court to (i) create a separate docket number for his additional interlocutory appeal regarding the denial of his plea to the jurisdiction and lack of subject matter jurisdiction below, and (ii) abate the briefing schedule in this temporary injunction appeal until the jurisdictional appeal under the new, separate docket number is decided. Appellant additionally prays for such other and further relief to which he may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**

By: /s/ N. Terry Adams, Jr.
**N. Terry Adams, Jr.**
Texas Bar No. 00874010
tadams@bmpllp.com
**Joseph M. Nixon**
Texas Bar No. 15244800

6

jnixon@bmpllp.com
1300 Post Oak Blvd, Suite 2500
Houston, Texas 77056
(713) 623-0887 (Tel)
(713) 960-1527 (Fax)

**James E. "Trey" Trainor**
Texas Bar No. 24042052
ttrainor@bmpllp.com
401 W. 15th Street, Suite 845
Austin, Texas 78701
Telephone: (512) 623-6700
Fax: 623-6701

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the Texas Rules of Appellate Procedure and the Local Rules of this Court and that the foregoing Motions have been electronically filed and served on all counsel of record in accordance with these Rules on this the 22nd day of July, 2015.

Mark W. Stevens
P.O. Box 8118
Galveston, Texas 77553
markwandstev@sbcglobal.net

*/s/ N. Terry Adams, Jr.*
N. Terry Adams, Jr.